IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID BALL,<br><br>   Defendant. | Case: 1:24−mc−00018<br>Assigned To : Bates, John D.<br>Assign. Date : 1/30/2024<br>Description: Misc.<br><br>Case No: 23-CR-153-JDB |

## APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to video recordings that have been submitted to the Court in this matter. In support of this application the Press Coalition states as follows:

1.  On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely submitting video exhibits to the Court for use in pretrial proceedings." *See* Standing Order at 2.

RECEIVED
JAN 30 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2. To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3. The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6. Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4. This is one of the Capitol Cases. Defendant David Ball pled guilty to one count of parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G), and was sentenced to twenty-four months of probation for his conduct on January 6.

5. In connection to the sentencing, the Government submitted to the Court three video exhibits it referenced in its Sentencing Memorandum and at the hearing (the "Video Exhibits"). *See* Notice of Filing of Video Pursuant to Local Crim. R. 49, Dkt. 35. The Government also stated that if accepted into evidence, the Video Exhibits "should be promptly released to the public." *Id.*

6. The Video Exhibits are plainly "intended to influence the court" in its decision-making, and as a result it is a judicial record subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7.	The Defendant cannot possibly rebut the presumption of access under *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980). *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

8.	Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

9.	The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish the Video Exhibits.[1]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

Dated:  January 30, 2024	Respectfully submitted,

BALLARD SPAHR LLP

<u>/s/ *Charles D. Tobin*</u>
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

>David Barry Benowitz
>PRICE BENOWITZ LLP
>409 Seventh Street, NW
>Suite 200
>Washington, DC 20004
>david@pricebenowitz.com
>
>Rammy George Barbari
>PRICE BENOWITZ
>409 7th St. NW
>Suite 100
>Washington DC, DC 20004
>rammy@pricebenowitz.com
>
>*Attorneys for David Ball*
>
>
>Joseph Hutton Marshall
>USAO
>601 D Street NW
>Washington, DC 20001
>joseph.hutton.marshall@usdoj.gov
>
>*Attorney for the United States of America*
>
>
>*/s/ Charles D. Tobin*
>Charles D. Tobin (#455593)